ADOLFO SAAVEDRA SOLÁ ET AL., Plaintiffs and Appellees, *v.* AUGUSTO SAAVEDRA RIQUELME ET AL., Defendants and Appellants.

No. 7553.   Argued July 19, 1937.—Decided July 23, 1937.

*José Sabater* for appellants.   *R. Martínez Nadal, M. A. García Méndez,* and *Carlos García Méndez* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The judgment appealed from was rendered by the District Court of Mayagüez on October 31, 1934. Said judgment directed the defendants to execute a deed of sale in favor of the plaintiffs of a property of 150.655 acres (*cuerdas*), to endorse in favor of the latter certain shares of stock, and to pay to the plaintiffs the sum of $3,783.62 plus legal interest thereon until the date of payment.

The notice of appeal was filed on November 30, 1934, and on the same date the defendants and appellants requested the district court to order the stenographer to prepare the transcript of the evidence on which the appeal would be based. On December 10, 1934, the court so ordered. From said date until August 31, 1936, extensions were granted by orders rendered by the lower court at the request of the appellants.

The plaintiffs and appellees now ask the dismissal of the appeal upon the following grounds:

1. Because the legal period of thirty days for the filing of the transcript of the evidence has long expired, without the same having been filed when the motion to dismiss was filed.

2. Because the period of 90 days from the filing of the notice of appeal has expired, without said appeal having been filed in this Supreme Court, and this Court has discretionary power to dismiss the appeal, which has been prosecuted negligently, with bad faith, and with the sole purpose of delaying the execution of the judgment.

3. Because the last extension granted by the district court expired on August 31, 1936, and no other extension of time has been since requested, the appellant having failed to take any action for over nine months.

4. Because the appeal is frivolous and academic, as the property involved in this suit was adjudicated to the Federal Land Bank of Baltimore by virtue of a foreclosure proceeding brought by said bank to recover a mortgage debt in its favor.

In their opposition to the dismissal sought, and as an excuse for their apparent lack of diligence in the prosecution of their appeal, the defendants and appellants urge:

That after the order directing the stenographer to prepare the transcript of the evidence was issued, the appellants paid said stenographer $125 on account of the $150 agreed as the price of the work, and offered to pay him the balance of $25 when the transcript was ready; that the stenographer having refused to do the work, in spite of the extensions obtained by the appellants and that his fees had been nearly paid in full, the appellants requested the district court to take the necessary coercive measures to compel the stenographer to fulfill his duty, without success; that at the request of the appellants the district court made demand upon the stenographer to state the reasons he had for his failure to prepare the evidence, without said stenographer having answered such demand and without the district court having taken any steps to enforce its orders; that the appellants have complained to the Attorney General of Puerto Rico of the failure of the stenographer of said court to comply with his duty; that the Attorney General has communicated with the judge presiding said district court, in order that the latter compel the stenographer to comply with his duty of preparing the transcript of the evidence; and that all of these efforts have been unsuccessful because the stenographer refuses to prepare the transcript and that the defendants have made use of all the means at their disposal to perfect their appeal, without any result.

In support of their opposition the defendants have filed a certificate of the clerk of the district court in which the requests for extensions of time made by the appellants are mentioned. The last request was filed on August 31, 1936. By it a new extension of thirty days was sought and the court was requested to take measures to compel the stenographer to comply with his duty. The district judge rendered an order directed to the stenographer in the following terms.

"The stenographer of this court is required to state the reasons he may have, if any, for his failure to prepare the transcript of

the evidence in this case, after which a decision will be made. Mayagüez, September 2, 1936.''

Since the date when said order was made the stenographer has not given any explanation to the court, nor has the latter issued any order concerning the extension requested by the appellants.

At the hearing the attorneys for both litigating parties informed this Court that this is not the only case in which the stenographer of the District Court of Mayagüez has observed a conduct so censurable as the one charged against him in this case, and they specifically referred to a case in which the attorney for the appellants was the attorney for the appellees in the instant case.

In the cases cited by the appellees in support of their motion to dismiss, the appeals were dismissed for want of prosecution because the appellants did not appear to contest the motion and did not offer valid excuses for their failure to act. In the instant case, the excuses offered by the appellants are in our judgment valid and sufficient.

The facts which we have stated above, and which have not been controverted by the appellees, reveal the existence in the District Court of Mayagüez of an abnormal and intolerable situation, which we can not overlook without our most severe censure. The speedy and orderly administration of justice to which parties litigants are entitled and their interests can not be at the mercy of the convenience or unjustified whims of inferior officers of courts on whom the law imposes duties which must be faithfully and promptly discharged. In the instante case, the stenographer of the District Court of Mayagüez, a public officer who has the duty imposed by law of preparing the transcript of the evidence when the court orders him to do so, although he had received his fees nearly in full, has refused without any excuse or justification to transcribe the evidence, and since December 10, 1934 to this date, that is during two years and seven months, has been obstructing and hinhering the prosecution of this appeal.

The trial court on which it is incumbent to see that the inferior officers acting under its directions faithfully discharge their duties, has done nothing or very little to compel the stenographer to comply with his duty, although its attention was called to the facts which are now submitted to our consideration. The order of September 2, 1936, whereby the stenographer was required to explain the reasons for his delay, and which failed to fix a period during which he should have reported to the court, was not obeyed and was ignored by the stenographer to whom it was directed, without the judge who rendered it having taken the measures which it was his duty to take in order to have his orders enforced and respected.

The unwarranted conduct of the stenographer and the failure of the lower court to act are not imputable to the appellants.

This Court lacks the means to determine whether or not an appeal taken is frivolous where neither the transcript of the record nor of the evidence is before it.

For the reasons stated the motion to dismiss the appeal must be denied and the appellants allowed until September 15, 1937, to file with the Secretary of the Supreme Court the transcript of the evidence and any other documents necessary to perfect their appeal.

A copy of this opinion must be sent by the Secretary of this Supreme Court to the lower with the recommendation that said court require the court stenographer to prepare and file the transcript of the evidence in this case, on or before September 1, 1937, without new excuses or delays, warning said officer that failure to comply with said order will be considered as contempt.

Mr. Justice Córdova Dávila took no part in the decision of this case.